CR 25-484 JRT

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | INFORMATION |
| Plaintiff, | 18 U.S.C. § 1343 |
| v. | |
| ABDINAJIB HASSAN YUSSUF, | |
| Defendant. | |

THE UNITED STATES ATTORNEY CHARGES THAT:

At times relevant to the Information:

**A.    The Minnesota Early Intensive Development and Behavior Intervention ("EIDBI") Benefit**

1. Autism spectrum disorder ("ASD" or "autism") is a neurological and developmental disorder that affects how people interact with others, communicate, learn, and behave.

2. Applied Behavior Analysis, sometimes called "ABA therapy," is a type of one-on-one behavioral therapy designed to help children on the autism spectrum develop social and emotional skills. ABA therapy seeks to improve social skills by rewarding and reinforcing positive behavior while discouraging negative behavior.

3. The Early Intensive Developmental and Behavioral Intervention ("EIDBI") benefit is a publicly funded Minnesota Health Care Program that offers medically necessary services to people under the age of 21 with autism spectrum disorder and related conditions.

SCANNED
DEC 17 2025
U.S. DISTRICT COURT MPLS

United States v. Abdinajib Hassan Yussuf

4.	The EIDBI benefit covers various treatment options for persons diagnosed with ASD and related conditions, including ABA therapy.

5.	In order to qualify for the EIDBI benefit, a person must be a Minnesota resident under 21 years old; be diagnosed with ASD or a related condition; have had a comprehensive multi-disciplinary evaluation (CMDE) that establishes their medical need for EIDBI services; and be enrolled in a qualifying healthcare program, such as Medicaid.

6.	The CMDE is used to develop the person's individual treatment plan (ITP). An ITP is a personalized, written plan of care that outlines the goals for the person and sets forth the specific interventions the person will receive based on their individually assessed needs.

7.	EIDBI treatment services must be delivered under the supervision of a Qualified Supervising Professional ("QSP") that is employed by the EIDBI provider. The QSPs supervise and manage all aspects of EIDBI services, treatment, and documentation, including supervising the medical providers that actually provide services. The QSP assumes full professional responsibility for the services provided by each supervisee, including the supervisee's actions and decisions.

**B.	Star Autism Center LLC**

8.	Defendant ABDINAJIB HASSAN YUSSUF was the President and CEO of Star Autism Center LLC.

9.	Star Autism was registered with the Minnesota Secretary of State in August 2020.

United States v. Abdinajib Hassan Yussuf

10. After forming the company, YUSSUF immediately enrolled Star Autism as a provider agency in the EIDBI program. In doing so, YUSSUF listed himself as the sole owner of Star Autism. In reality, other individuals also had ownership stakes in Star Autism but were not listed on DHS documents.

### Count 1
(Wire Fraud)

11. Paragraphs 1 through 10 are incorporated herein.

12. From in or about late 2020 through in or about December 2024, the defendant,

ABDINAJIB HASSAN YUSSUF,

and others known and unknown to the grand jury, did knowingly devise and participate in a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

13. From in or about late 2020 through in or about December 2024, YUSSUF used Star Autism to carry out a scheme to defraud the EIDBI program.

14. Star Autism purported to be providing necessary one-on-one ABA therapy to children with autism. In fact, Star Autism employed unqualified individuals as "behavioral technicians." These behavioral technicians were often 18- or 19-year-old relatives, with no formal education beyond high school and no training or certifications related to the treatment of autism.

15. To run their fraud scheme, YUSSUF and his partners needed children who had an autism diagnosis and an individual treatment plan. YUSSUF and his

United States v. Abdinajib Hassan Yussuf

partners approached parents in the Somali community to recruit their children into Star Autism. Where a child did not have an autism diagnosis and an ITP, YUSSUF and his partners worked with a QSP to get the recruited child qualified for autism services.

16.    As a recruitment tactic to drive up enrollment, Star Autism paid monthly cash kickback payments to parents who enrolled their children to receive EIDBI services through Star Autism. The amount of these payments was contingent on the services DHS authorized a child to receive—the higher the authorization amount, the higher the kickback.

17.    YUSSUF and his partners submitted millions of dollars' worth of claims for Medicaid reimbursement on behalf of Star Autism. Many of these claims were fraudulently inflated, were billed without providers' knowledge, and were for services that were not actually provided.

18.    The cost of the kickback payments that Star Autism paid to parents were financed through Star Autism's fraudulent billings to Medicaid.

19.    YUSSUF's fraudulent scheme resulted in Star Autism obtaining more than $6 million in EIDBI reimbursement funds from Minnesota DHS and UCare.

20.    YUSSUF shared in the proceeds of the fraud scheme with the other owners and investors in Star Autism. Among other things, YUSSUF used more than $100,000 in fraud proceeds to purchase a Freightliner semi-truck. He also sent more than $200,000 in fraud proceeds to Kenya.

21.    On or about January 19, 2023, in the State and District of Minnesota and elsewhere, the defendant,

United States v. Abdinajib Hassan Yussuf

ABDINAJIB HASSAN YUSSUF, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, signals, and sounds, namely an email from YUSSUF to a Star Autism employee, that traveled through servers located outside the state of Minnesota,

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

22. The allegations in the Information are incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) in conjunction with Title 28, United States Code, Section 2461(c).

23. If convicted, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to Count 1 of the Information.

24. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

Dated: December 17, 2025

DANIEL N. ROSEN
United States Attorney

/s/ *Joseph H. Thompson*
BY: JOSEPH H. THOMPSON
REBECCA E. KLINE
Assistant United States Attorneys

5